UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 22-CV-3588 (DG) (RER)

Terrence Sampson

versus

International Union of Operating Engineers Local 14-14B

REPORT & RECOMMENDATION

July 10, 2023

To The Honorable Diane Gujarati
United States District Judge

**RAMON E. REYES, JR., U.S.M.J.:**

Terrence Sampson ("Plaintiff") brought this action against International Union of Operating Engineers Local 14 and 14B ("Defendant" or "Local 14"), alleging race discrimination and retaliation for his opposition to alleged discriminatory employment practices, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), and the New York City Human Rights Law, N.Y. City Admin. Code § 8-107 ("NYCHRL"). (*See generally* ECF No. 1 ("Compl.")). Defendant moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 12 ("Mot. to Dismiss")). Your Honor referred this Motion to me for a Report and Recommendation. (Order dated 10/4/2022). After carefully reviewing the filings and Complaint, and for the reasons set forth herein, I respectfully recommend that Defendant's Motion to Dismiss be denied.

1

## BACKGROUND

I.   Factual Allegations

Plaintiff is a construction worker and member of Local 14, a labor organization and the collective bargaining representative of workers in the New York City construction industry who operate various types of heavy equipment. (Compl. ¶¶ 6, 8). Members of Local 14 are known as Operating Engineers. (*Id.* ¶ 7). Like all Operating Engineers, Plaintiff depends on Local 14 for his job assignments and livelihood. (*Id.* ¶ 39). Unlike most Operating Engineers, Plaintiff is African American. (*Id.* ¶¶ 4, 11).

Plaintiff alleges that Defendant has discriminated against him on account of his race in several respects. (*Id.* ¶ 40). Defendant's alleged discriminatory treatment occurs in the context of "a long history of discrimination against African Americans in the construction industry" (*id.* ¶ 9), and is facilitated in part by Local 14's "rigged" job assignment system (*id.* ¶ 18). To illustrate, Plaintiff contends that he has never been assigned a multi-year job at a major construction site (*id.* ¶ 41), even though "[d]uring the same period, numerous similarly situated non-African Americans have been assigned" to such jobs (*id.* ¶ 43). Plaintiff also alleges that the longest job he was ever assigned was to operate a locomotive in a tunnel, a "dirty, highly undesirable job in awful working conditions that is disproportionately assigned to African Americans." (*Id.* ¶ 42). Additionally, Plaintiff is required to sign in at a "referral hall" to be assigned work by a Local 14 business agent (*id.* ¶¶ 14–15, 44), whereas similarly situated non-African American Operation Engineers are assigned work without needing to first sign in at the referral hall (*id.* ¶ 45).

Consequently, in June 2017, Plaintiff filed a charge of race discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 50). Based

on his complaint, the EEOC issued Plaintiff a Right to Sue letter, which he used to commence a federal action against Defendant on August 29, 2019. (*Id.* ¶ 52–53); *see generally Sampson v. International Union of Operating Engineers Local 14 and 14B*, No. 19-CV-04946 (DG) (RER) (E.D.N.Y. 2019) ("*Sampson I*") (Plaintiff's first federal lawsuit against Defendant).

After initiating *Sampson I*, Plaintiff alleges that Defendant's discriminatory practices against him intensified. (*Id.* ¶ 59). Specifically, the number of work hours that Plaintiff obtained through referrals dropped substantially from 2018 to 2021, such that the total number of hours he was assigned in 2021 was nearly half of what he had been assigned in 2018. (*Id.* ¶¶ 59–64). In addition, he contends that he has been assigned much less work than comparably skilled workers, has experienced more periods of unemployment, and has had to seek job assignment referrals with greater frequency than comparably skilled workers. (*Id.* ¶¶ 69–76).

II. Procedural History

Plaintiff initiated the current action on June 17, 2022.[1] (Compl.). After waiving formal service of the Summons and Complaint,[2] Defendant moved for a premotion conference in anticipation of filing a motion to dismiss (ECF No. 6), and Plaintiff confirmed that he would welcome the opportunity to replead should the Court grant any aspect of Defendant's anticipated motion (ECF No. 8). Pursuant to Your Honor's referral order (ECF Order dated 10/4/2022 (referring the motion

---

[1] Plaintiff first sought to amend the complaint in *Sampson I* to include these claims (ECF No. 57 in Docket No. 19-CV-04946 (DG) (RER)), but following the premotion conference he chose to file this separate, but related action instead. (ECF No. 61 in Docket No. 19-CV-04946 (DG) (RER)). A court may take judicial notice of docket sheets, which are public records. *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006). The Court takes judicial notice of documents filed in relation to *Sampson I* "to establish the fact of such litigation and related filings," rather than for the truth of the matters asserted. *See Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992).

[2] This waiver of service was noted on the docket for *Sampson I*. (Minute Oral Order dated 8/2/2022 in Docket No. 19-CV-04946 (DG) (RER)).

for premotion conference and any resulting motion)), I determined that a premotion conference was not necessary (ECF Order dated 11/8/2022), and granted the parties' proposed briefing schedule (ECF Order dated 12/12/2022). Defendant's fully briefed Motion to Dismiss was then timely submitted on January 27, 2023. (ECF No. 12).

## LEGAL STANDARDS

I. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor." *Williams v. Richardson*, 425 F. Supp. 3d 191, 200 (S.D.N.Y. 2019) (citing *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007)). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Importantly, courts should not consider "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Anderson News, L.L.C. v. Am.*

4

*Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). Thus, "[a] complaint should not be dismissed for failure to state a claim 'unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Todd*, 275 F.3d at 197–98 (emphasis added) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

II.  Consideration of Materials Beyond the Complaint

When considering a Rule 12(b)(6) motion to dismiss, "a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *see Jian Ping Lin v. Monda Window & Door Sys., Inc.*, No. 17-CV-03737 (MKB) (RER), 2018 WL 4403384, at *2 (E.D.N.Y. Aug. 7, 2018) (declining to consider documents that were submitted with a motion to dismiss but were not incorporated into the complaint), *adopted by* 2018 WL 4388450 (Sept. 14, 2018). In addition, "courts may take judicial notice of documents attached to, integral to, or referred to in the complaint." *Commonwealth Land Title Ins. v. Am. Signature Servs.*, No. 13-CV-3266 (JFB) (WDW), 2014 WL 672926, at *7 n.7 (E.D.N.Y. Feb. 20, 2014) (citing *Glob. Network Commc'ns Inc. v. City of N.Y.*, 458 F.3d 150, 157 (2d Cir. 2006)). A court may only consider material that is not integral to the complaint if it treats the motion as one for summary judgment, instead of as a motion to dismiss. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230–31 (2d Cir. 2016). In such an instance, the opposing party must have "notice and an opportunity to conduct necessary discovery and to submit pertinent material." *Kramer*, 937 F.2d at 773.

Although Defendant submitted several exhibits with this Motion, the Court only considers Plaintiff's EEOC Charge (ECF No. 14-1) and the Complaint from *Sampson I* (ECF No. 14-3) to be integral to and incorporated into the current Complaint (*see* Compl. ¶¶ 50–51, 55, 58). The

5

Court disregards Defendant's remaining exhibits,[3] which consist largely of discovery materials from *Sampson I*. The Court disagrees with Defendant's contention that the Complaint expressly incorporates all discovery records (*see* Def.'s Mem. at 4 n.3 (citing Compl. ¶ 69)), and further finds that most of Defendant's exhibits were neither relied upon nor integral to the Complaint in the present case. The Court also declines to convert Defendant's Motion into one for summary judgment at this early stage of the proceedings, before Plaintiff has had the opportunity to collect facts pertaining to the claims and time period in question. *See Carter v. Potter*, No. 06-CR-3854 (JG), 2007 WL 879417, at *3 (E.D.N.Y. Mar. 22, 2007) (declining to consider a 12(b)(6) motion as one for summary judgment when "there has not been an adequate opportunity to collect and present the facts necessary for an informed ruling").

## DISCUSSION

Plaintiff asserts claims against Local 14 for discrimination and retaliation in violation of Title VII, § 1981, and the NYCHRL (Compl. ¶¶ 80–91). The Court considers each claim in turn.

I. Discrimination Claims

A. Plaintiff Adequately Stated a Discrimination Claim Under Title VII and § 1981[4]

A *prima facie* discrimination claim under Title VII and § 1981 requires a plaintiff to show (1) their membership in a protected class; (2) their qualification for their position; (3) an adverse

---

[3] These exhibits include Plaintiff's pre-motion conference letter application to the Court dated May 2, 2022 (ECF No. 14-4), Plaintiff's Proposed Supplemental Complaint from *Sampson I* (ECF No. 14-5), excerpts from Plaintiff's depositions in *Sampson I* (ECF No. 14-6), letters from contractors to Local 14 regarding Plaintiff, which were produced in discovery in *Sampson I* (ECF No. 14-7), Second Amendment to Local 14-14B Referral Procedures, which was produced in discovery in *Sampson I* (ECF No. 14-8), and Third Amendment to Local 14-14B Referral Procedures, which was produced in discovery in *Sampson I* (ECF No. 14-9).

[4] Courts apply the same standards to employment discrimination claims brought under Title VII and § 1981. *See, e.g.*, *Vill. of Freeport v. Barrella*, 814 F.3d 594, 616 (2d Cir. 2016); *Ruiz v. Cnty. of Rockland,* 609 F.3d 486, 491 (2d Cir.

employment action taken against them; and (4) evidence to suggest an inference that a defendant's actions were motivated by discrimination. *Littlejohn v. City of N.Y.*, 795 F.3d 297, 307 (2d Cir. 2015). However, to survive a motion to dismiss, a plaintiff need not plead a *prima facie* case; rather, they must only allege sufficient non-conclusory facts to make their claim plausible. *Mandala v. NTT Data, Inc.*, 975 F.3d 202, 208–09 (2d Cir. 2020); *see Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (finding that at the pleading stage, a complaint need only provide "fair notice of [a plaintiff's] claim and the grounds upon which it rests"); *Hussey v. N.Y.S. Dep't of L./Off. of Atty. Gen.*, 933 F. Supp. 2d 399, 408 (E.D.N.Y. 2013) ("[A] plaintiff is not required to provide evidence or prove any of [their] claims to survive a motion to dismiss."). Local 14 argues that Plaintiff failed to plead his discrimination claim by failing to plausibly allege an inference of racial discrimination. The Court's analysis is thus limited to this element.

A plaintiff may raise an inference of discrimination through various methods, including by alleging that they were treated less favorably than similarly situated employees outside of their protected class. *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 229 (2d Cir. 2014) (citing *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)); *see Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 468 (2d Cir. 2001) (describing "a showing of disparate treatment" as "a common and especially effective method of establishing [an] inference of discriminat[ion]"). To establish such disparate treatment, pleadings need only indicate that "employees . . . have a situation sufficiently similar to plaintiff's to support at least a *minimal* inference that the difference of treatment *may* be attributable to discrimination." *McGuinness v. Lincoln Hall*, 263 F.3d 49, 54 (2d Cir. 2001) (emphasis added); *Graham*, 230 F.3d at 40 (requiring only "a reasonably close resemblance of the

---

2010); *Amaya v. Ballyshear LLC*, 295 F. Supp. 3d 204, 223 (E.D.N.Y. 2018); *Awad v. City of N.Y.*, No. 13-CV-5753 (BMC), 2014 WL 1814114, at *5 (E.D.N.Y. May 7, 2014).

facts and circumstances of plaintiff's and comparator's cases"); *Yang v. Dep't of Educ. of the City of N.Y.*, No. 14-CV-7037 (SLT) (RLM), 2016 WL 4028131, at *9 (E.D.N.Y. July 26, 2016) ("[T]he law does not require detailed pleadings regarding the similarly situated comparators.").

Courts also consider the context in which alleged disparate treatment occurs when determining whether pleadings raise an inference of discrimination. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 88 (2d Cir. 2015) (finding that even "allegations of discrimination . . . [that do] not independently constitute adverse employment actions" may offer "relevant background evidence" that strengthen a claim that defendants' conduct was motivated by discriminatory animus); *Hunt v. Con Edison Co. N.Y.C.*, No. 16-CV-0677 (MKB), 2016 WL 8711358, at *4 (E.D.N.Y. May 20, 2016) ("Whether facts give rise to a plausible inference of discrimination 'is a "flexible [standard] that can be satisfied differently in differing factual scenarios."'" (quoting *Howard v. MTA Metro-N. Commuter R.R.*, 866 F. Supp. 2d 196, 204 (S.D.N.Y. 2011))).

Plaintiff's allegations suffice for the court to infer that he was treated differently from similarly situated Operating Engineers because of his race. Plaintiff's allegations, sparce though they may be, show that he shares a reasonably close resemblance with White Operating Engineers who also operate heavy equipment in the construction industry in New York City (Compl. ¶¶ 6–8), belong to the same labor union (*id.*), are governed by the same wage ranges and union by-law requirements (*see id.* ¶¶ 12, 33), and possess the same skills (*id.* ¶ 66). Thus, Plaintiff's allegations that he "has almost always been assigned jobs on low paying machines or short term jobs" relative to similarly situated non-African American Operating Engineers (Compl. ¶ 49), that he is not assigned work unless he "signs in" at a referral hall even though similarly situated White Operating Engineers are assigned work without completing this step (*id.* ¶¶ 44–45), and that consequently, Plaintiff "receiv[es] much less work" than his counterparts (*id.* ¶ 76), together support the minimal

8

inference of discriminatory animus required.[5] *See Johnson v. Long Island Univ.*, 58 F. Supp. 3d 211, 224 (E.D.N.Y. 2014) ("Although the Complaint is sparse on specifics with respect to how his colleagues are similarly situated to him, the Court finds that Plaintiff has stated a plausible inference of discrimination based on disparate treatment with respect to the claims that [employer] treated him differently by denying him the opportunity to earn additional compensation and by assigning him significantly more work than his fellow [employees] . . . .").

Defendant's contention that Plaintiff's failure to identify specific comparators is fatal lacks merit, and the Court is not persuaded to impose more stringent pleading requirements than the Second Circuit demands. *See Boykin*, 521 F.3d at 215 (affirming that discrimination claims are "sufficiently pleaded when the complaint state[s] simply that plaintiffs 'are African-Americans, describe[s] defendants' actions in detail, and allege[s] that defendants selected [plaintiffs] for maltreatment "solely because of their color."'" (quoting *Phillip v. Univ. of Rochester*, 316 F.3d 291, 298 (2d Cir. 2003)); *DiPetto v. U.S. Postal Serv.*, 383 F. App'x 102, 103 (2d Cir. 2010) (Summary Order) (affirming the same); *Pointer v. Columbia Univ.*, No. 95 Civ. 8418, 1997 WL 86387, at *4 (S.D.N.Y. Feb. 28, 1997) ("Plaintiff need not at the pleading stage identify the white [similarly situated] males by name in order to satisfy the notice pleading standards applicable to her discrimination claims." (citing Fed. R. Civ. P. 8(a))); *Radwan v. Manuel*, 55 F.4th 101, 136 (2d Cir. 2022) ("[W]e have emphasized that any contention 'that another employee cannot be similarly situated to a plaintiff unless the other employee had the same supervisor, worked under

---

[5] In support of his pleadings, Plaintiff uses data gleaned from discovery in *Sampson I*. "It is well settled that a plaintiff alleging disparate treatment may introduce statistics as circumstantial evidence of discrimination." *Shannon v. Fireman's Fund Ins. Co.*, 156 F. Supp. 2d 279, 291 (S.D.N.Y. 2001) (citations omitted). Further, to survive a motion to dismiss, the Second Circuit "do[es] not require a plaintiff to prove in detail the methodological soundness of [their] statistical assessment." *Mandala*, 975 F.3d at 209–10 (citing *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 737 (2d Cir. 2017)). Nor should courts "expect a complaint to supplement its statistical analysis with corroborating evidence." *Id.* (citing *Littlejohn*, 795 F.3d at 311; *Malave v. Potter*, 320 F.3d 321, 326 (2d Cir. 2003)).

9

the same standards, and engaged in the same conduct' is a 'misreading' of our precedent." (emphasis omitted) (quoting *McGuinness*, 263 F.3d at 53).

In any event, "'[w]hether two employees are similarly situated . . . presents a question of fact,' rather than a legal question to be resolved on a motion to dismiss." *Brown*, 756 F.3d at 230 (quoting *Graham*, 230 F.3d at 39)). Indeed, "it is precisely in light of the inquiry's fact-intensive nature that [the Second Circuit] caution[s] against deciding whether . . . comparators are similarly situated on a motion to dismiss." *Hu v. City of N.Y.*, 927 F.3d 81, 97 (2d Cir. 2019) (citation omitted). To be sure, "[n]umerous courts within the Second Circuit have . . . dismiss[ed] disparate treatment claims 'where the complaint was *entirely devoid* of *any* details regarding the purported comparators, *e.g.*, who they are, what their positions or responsibilities were at [the company], how their conduct compared to plaintiffs' or how they were treated differently by defendants.'" *Blige v. City Univ. of N.Y.*, No. 15 Civ. 08873, 2017 WL 498580, at *9 (S.D.N.Y. Jan. 19, 2017) (emphasis added) (quoting *Offor v. Mercy Med. Ctr.*, 167 F. Supp. 3d 414, 432 (E.D.N.Y. 2016)), *adopted by* 2017 WL 1064716 (Mar. 21, 2017). However, in this case, Plaintiff provided several details about the comparators, including their positions as Operating Engineers, membership in Local 14, their work operating heavy equipment in the New York City construction industry, and offered multiple illustrations of differential treatment with respect to the job referral process and the types of jobs they are typically assigned.

Accordingly, Plaintiff allegations are sufficient to raise an inference of discrimination as required under Title VII and § 1981.

B. <u>Plaintiff Adequately Stated a Discrimination Claim Under the NYCHRL</u>

"[C]laims under the NYCHRL must be considered 'independently from and more liberally than their federal . . . counterparts.'" *Einsohn v. N.Y.C. Dep't of Educ.*, No. 19-CV-2660 (RPK) (RER), 2022 WL 955110, at *6 (E.D.N.Y. Mar. 30, 2022) (quoting *Wells v. Achievement Network*, No. 18 Civ. 6588, 2021 WL 810220, at *11 (S.D.N.Y. Mar. 2, 2021)); *Day v. City of N.Y.*, No. 15 Civ. 04399, 2016 WL 1171584, at *6 (S.D.N.Y. Mar. 22, 2016) (distinguishing the Title VII standard from NYCHRL's "lesser standard"). Thus, for the same reasons and pursuant to the factual allegations recounted above, Plaintiff satisfies the lesser standard required for a discrimination claim under the NYCHRL. *See Gurley v. David H. Berg & Assocs.*, No. 20 Civ. 9998, 2022 WL 309442, at *4 (S.D.N.Y. Feb. 2, 2022) ("[B]ecause the NYCHRL's discrimination standards 'are as or more generous to plaintiffs than those under the analogous federal statutes[,]' Defendants' motion to dismiss the NYCHRL discrimination claim is similarly denied." (quoting *Estevez v. S & P Sales & Trucking LLC*, No. 17 Civ. 1733, 2017 WL 5635933, at *3 (S.D.N.Y. Nov. 22, 2017)).

II. <u>Retaliation Claims</u>

A. <u>Plaintiff Adequately Stated a Retaliation Claim Under Title VII and § 1981</u>[6]

When pleading a retaliation claim, "a plaintiff must establish that (1) [they] engaged in a protected activity; (2) [defendant] was aware of that activity; (3) [plaintiff] suffered an adverse action subsequent to such activity; and (4) there was a causal link between the protected activity and the adverse action." *Gallagher v. AEG Mgmt. Brooklyn, LLC*, No. 16-CV-4779, 2017 WL

---

[6] Courts apply the same standards and principles to retaliation claims under Title VII and § 1981. *See, e.g.*, *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010); *Amaya*, 295 F. Supp. 3d at 226; *Awad*, 2014 WL 1814114, at *10.

11

2345658, at *6 (E.D.N.Y. May 30, 2017) (citing *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998)). In the context of a motion to dismiss, however, a plaintiff's burden is even lower. *See Freckleton v. Ambulnz NY LLC*, No. 21-CV-4615 (AMD) (LB), 2022 WL 4644673, at *8 (E.D.N.Y. Sept. 30, 2022) ("[I]t is appropriate to take a 'generous view of retaliatory acts at the motion to dismiss stage,' and draw[] all reasonable inferences in the plaintiff's favor[.]" (quoting *Ingrassia v. Health & Hosp. Corp.*, 130 F. Supp. 3d 709, 723–24 (E.D.N.Y. 2015)); *Corbett v. Napolitano*, 897 F. Supp. 2d 96, 111 (E.D.N.Y. 2012) (noting that to survive a motion to dismiss, a plaintiff is not required to plead a *prima facie* retaliation claim). Because Local 14 only challenges the sufficiency of the allegations pertaining to causation (Def.'s Mem. at 15–18), the Court limits its inquiry to this issue.

A plaintiff may establish a causal link between their protected activity and a defendant's adverse action, "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, *or* through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; *or* (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Hicks*, 593 F.3d at 170 (emphasis added) (quoting *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000)). Here, Plaintiff seeks to establish causation indirectly through temporal proximity.

"Close temporal proximity between the plaintiff's protected action and the employer's adverse employment action may in itself be sufficient to establish the requisite causal connection between a protected activity and retaliatory action." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 552 (2d Cir. 2010) (citations omitted); *see El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 932 (2d Cir. 2010) ("By demonstrating temporal proximity between his complaint and his discharge, [plaintiff] arguably established a *prima facie* case of retaliation under Title VII."); *Feingold v. New York*,

366 F.3d 138, 156–57 (2d Cir. 2004) (collecting cases). When a plaintiff relies only on temporal proximity to plead causation, "the temporal relationship between the protected activity and the adverse action must be very close." *Johnson v. Nicholson*, No. 05-CV-2740 (JMA), 2007 WL 1395546, at *6 (E.D.N.Y. May 11, 2007) (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)), *aff'd,* 349 F. App'x 604 (2d Cir. 2009). However, even in the face of a weak temporal relationship, "the totality of the circumstances alleged [may be] sufficient to raise an inference of a causal connection." *Grant v. United Fed'n of Tchrs.*, No. 12-CV-02149 (CBA) (VMS), 2014 WL 978444, at *13 (E.D.N.Y. Mar. 12, 2014).

The Second Circuit has yet to identify "a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish" causation between protected activity and retaliatory conduct. *Gorman-Bakos v. Cornell Coop. Extension of Schenectady Cnty*, 252 F.3d 545, 554 (2d Cir. 2001). "Instead, it is the role of the court to 'exercise its judgment about the permissible inferences that can be drawn from temporal proximity in the context of particular cases.'" *Redd v. N.Y.S. Div. of Parole*, 923 F. Supp. 2d 371, 388 (E.D.N.Y. 2012) (quoting *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009)); *see, e.g.*, *Shkolnikova v. DeJoy*, No. 18-CV-6400 (MKB), 2022 WL 3358077, at *12 (E.D.N.Y. Aug. 15, 2022) (considering temporal proximity in the context of pregnancy); *Massaro v. Bd. of Educ. of City Sch. Dist. of City of N.Y.*, 774 F. App'x 18, 22 (2d Cir. 2019) (Summary Order) (considering temporal proximity in the context of an academic calendar).

Courts have found sufficient temporal proximity to infer causation when an adverse action occurs simultaneously with the prosecution of a lawsuit. *See Johnson*, 2007 WL 1395546, at *7 (finding a sufficient temporal relationship when an employer's adverse actions could have occurred simultaneously to plaintiff's "continuous and ongoing" participation in a federal lawsuit);

13

*cf Parrilla v. City of N.Y.*, No. 09 Civ. 8314, 2011 WL 611849, at *13 (S.D.N.Y. Feb. 16, 2011) (declining to find causation when "there [was] no unifying [discrimination] lawsuit that could link the protected activities and support a finding of continuity"); *see also Grant*, 2014 WL 978444, at *13 (noting that "not only the filing but also the prosecution of a retaliation lawsuit" may constitute protected activities (citing *Infantolino v. Joint Indus. Bd. of Elec. Indus.*, 582 F. Supp. 2d 351, 359 (E.D.N.Y. 2008))).

Here, Plaintiff has alleged a sufficiently close temporal relationship between the initiation of *Sampson I* and Defendant's heightened discriminatory treatment to establish the requisite causal link. Plaintiff alleges that after he initiated the federal lawsuit against Local 14 in August 2019, Defendant "intensified" their discriminatory practices against him, by further reducing the amount of work he was assigned through Union referrals (*id.* ¶¶ 59–64). Although the year prior to filing the lawsuit, he obtained 1,941 hours of work through referral (*id.* ¶ 61), over the following year-long period, which included the two months immediately after he initiated the federal lawsuit, he was only assigned to 1,414 hours of work (*id.* ¶ 62). Then, over the next two years, while his protected activity with respect to *Sampson I* was continuous and ongoing, the work hours he obtained through referrals continued to decline. (*Id.* ¶¶ 63–64). The Court finds that because Defendant's alleged retaliatory actions occurred after Plaintiff initiated *Sampson I*, and simultaneously with Plaintiff's ongoing participation in the lawsuit, it is reasonable to infer a causal link.[7]

---

[7] Defendant also argues that pleadings do not show a causal link because, *inter alia*, Plaintiff does not specify which, if any, of the business agents who denied him job referrals were familiar with Plaintiff's EEOC charge or legal action. (Def.'s Mem. at 16–17). To be sure, clear evidence that the actor or decision-maker who carried out an adverse action lacked knowledge of the protected activity can support a finding that no causal link exists. *See Bowen v. Baldwin Union Free Sch. Dist.*, No. 15-CV-6829 (JMA) (GRB), 2017 WL 4083553, at *6 (E.D.N.Y. Aug. 23, 2017) ("Courts within this Circuit have . . . held that no causal connection exists where the decision-maker was *indisputably unaware* of the plaintiff's protected activity." (emphasis added)), *adopted by* 2017 WL 4083573 (Sept. 14, 2017). However, the Second Circuit has "rejected the argument that in order to satisfy the causation requirement, a plaintiff must show

14

Plaintiff has not, however, offered enough factual or legal support for the Court to infer causation between Plaintiff's 2017 EEOC charge and Defendant's conduct after the initiation of *Sampson I* in August 2019. Defendant rightly argues that the timeframe between these two events is too protracted to establish a causal link without more support. (Def.'s Mem. at 17–18); *see Lindner v. Int'l Bus. Machs. Corp.*, No. 06 Civ. 4751, 2008 WL 2461934, at *7 (S.D.N.Y. June 18, 2008) ("In the Second Circuit and district courts within the Second Circuit, time periods greater than one year have been found, in general, to be insufficient to establish this temporal relationship." (quoting *Ludwiczak v. Hitachi Cap. Am. Corp.*, 528 F. Supp. 2d 48, 60 (D. Conn. 2007))).

Accordingly, although Plaintiff has not sufficiently alleged causation based on his EEOC charge, he has sufficiently stated a claim for retaliation under Title VII and § 1981 based on his initiation of and participation in *Sampson I*.

B. Plaintiff Adequately Stated a Retaliation Claim Under NYCHRL

As with discrimination claims, the NYCHRL offers a "more generous pleading standard" than federal law. *Beharry v. City of N.Y.*, No. 18 Civ. 2042, 2019 WL 634652, at *5 (S.D.N.Y. Feb. 14, 2019); *see Gallagher*, 2017 WL 2345658, at *8 ("The standard for pleading a retaliation claim under the NYCHRL is similar to the standard applied to Title VII retaliation, however 'New York courts have emphasized that the standard under the NYCHRL is broader.'" (quoting *Thai v. Cayre*

---

that the particular individuals who carried out an adverse action knew of the protected activity." *Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 148 (2d Cir. 2010) (citing *Gordon*, 232 F.3d at 117); *see Wilson v. New York*, No. 15-CI-23 (CBA) (VMS), 2017 WL 9674497, at *14 (E.D.N.Y. Jan. 24, 2017) ("[A] plaintiff need not show that the individuals who allegedly retaliated against him had actual knowledge of his prior protected activity." (citing *Gordon*, 232 F.3d at 116)), *adopted by* 2018 WL 1466770 (Mar. 26, 2018).

Here, the Complaint does not support a finding that the Local 14 representatives or agents who make decisions about job assignments (Compl. ¶¶ 22–29, 36) were indisputably unaware of *Sampson I*. Thus, because the Court must view the Complaint in the light most favorable to Plaintiff, it is a fair and legitimate inference that these individuals, who were at least indirectly implicated in *Sampson I*, were aware of the lawsuit and acted in response. *See Espinal*, 558 F.3d at 129–30 (inferring decision-maker's knowledge of plaintiff's protected activity).

15

*Grp.*, 726 F. Supp. 2d 323, 332 (S.D.N.Y. 2010))). Since Plaintiff's allegations suffice to establish a causal link between his protected activity and Local 14's conduct under Title VII and § 1981, his retaliation claim under the NYCHRL is likewise sufficient.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Defendant's Motion to Dismiss be denied. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Diane Gujarati within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

**/s/ Ramon E. Reyes, Jr.**

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: July 10, 2023
      Brooklyn, NY